# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CHARLES DELAUGHTER,  Plaintiff, vs. VERIZON COMMUNICATIONS, INC., Defendant. | CASE NO. 6:22-cv-02370-PGB-DCI |

## DEFENDANT'S MOTION TO COMPEL EXECUTED HIPAA RELEASES

Defendant, Verizon Communications, Inc., under Federal Rules of Civil Procedure 34(a) and 37(a)(3)(B)(iv), moves to compel Plaintiff to produce executed HIPAA releases to obtain records from healthcare providers he alleges treated him for injuries Defendant allegedly caused. In support, Defendant states:

## PRELIMINARY STATEMENT

Plaintiff, a current employee since 2014, alleges Defendant discriminated against him based on race and gender and retaliated against him in violation of the Florida Civil Rights Act. He seeks to recover $300,000 for alleged "extreme emotional distress." Dkt. 1-1. Plaintiff identified three providers who treated him for emotional distress he claims Defendant caused: Lynne Kelly (May 2022- present), Dr. Marcus Jerome Meriweather (April 22, 2022) and Dr. Curtis

Weaver (March 2016).  Defendant requested Plaintiff sign HIPAA releases to obtain their records.  Plaintiff refuses without any rational reason or basis.  Plaintiff placed his mental health at issue *and* identified the three providers as people who treated him for injuries *he claims he sustained by Defendant's actions*. Defendant seeks an Order compelling Plaintiff to produce signed HIPAA releases or be precluded from seeking emotional distress damages.

## BACKGROUND

On January 20, 2023, Defendant served Plaintiff with Discovery Requests. **Exhibit 1**.  Request 60 asked Plaintiff to produce signed HIPAA releases, and Interrogatories 12 and 13 requested Plaintiff identify the healthcare providers who treated Plaintiff for damages Defendant allegedly caused. *Id*. Plaintiff did *not* object and agreed to produce releases. **Exhibit 2**.

On February 15, 2023, Plaintiff expressed unidentified "concerns" about the releases. Defendant requested clarification. Plaintiff vaguely referred to concerns about providers, time and scope.  Defendant revised the HIPAA releases naming only the providers Plaintiff identified in interrogatories. **Exhibit 3**, ("Releases").  Defendant sought discovery updates on February 28, March 9, 24, and April 5, 2023.

Counsel talked on April 6, 2023 without agreement. On April 11, 2023, Defendant sent a discovery deficiency letter. **Exhibit 4**. Plaintiff supplemented his

responses without producing signed Releases. Plaintiff again objected citing "scope" and requested only a two-year lookback. Defendant explained again this objection was unsuitable because Plaintiff's claims date back to 2014, he stated in his interrogatories that Dr. Weaver provided care in 2016 (thus excluded by his two-year cut off) and a two-year restriction is arbitrary and unsupported by law.

## ARGUMENT

Plaintiff claims extreme emotional distress and an impaired quality of life due to Defendant's alleged conduct from 2014 through the present. Plaintiff identified three treating healthcare providers for the alleged emotional distress. Plaintiff seeks compensation based on these alleged injuries. Plaintiff irrationally refuses to sign releases allowing Defendant to obtain the medical records from these three providers.

Plaintiff improperly delays discovery of highly relevant information directly related to his damages and increases the cost of litigation by forcing counsel to repeatedly confer and file this Motion when Plaintiff previously agreed to produce releases.

WHEREFORE, Defendant requests an Order (1) directing Plaintiff to produce signed Releases or precluding Plaintiff from seeking emotional distress damages; (2) awarding Defendant the fees and costs to bring this Motion; and (3) awarding any such further relief as this Court deems proper.

## RULE 3.01(g) CERTIFICATION

In compliance with Local Rule 3.01(g), the undersigned certifies that they have conferred with Plaintiff's counsel in an attempt to obtain the discovery described above without Court intervention. Plaintiff's counsel refused to produce the requested documents, and Plaintiff maintains his position that the medical providers who treated and consulted on his alleged damages should only produce records dating back to November 22, 2020.

DATED this 22nd day of June, 2023.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone:  (407) 246-8440
        Facsimile:    (407) 246-8441

        By:   */s/ Stephanie L. Adler-Paindiris*
                Stephanie L. Adler-Paindiris
                Florida Bar No. 0523283
                stephanie.adler-paindiris@jacksonlewis.com

                Jacqueline M. Gardner
                Florida Bar No. 1032521
                jacqueline.gardner@jacksonlewis.com

        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22nd day of June, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Jerry Girly, Esquire, The Girley Law Firm, PA, 117 E. Marks Street, Orlando, FL 32803.

                                          */s/ Stephanie L. Adler-Paindiris*
                                          Stephanie L. Adler-Paindiris