# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHARLES DELAUGHTER,**

       **Plaintiff,**

**v.**                                                    **Case No: 6:22-cv-2370-PGB-DCI**

**VERIZON COMMUNICATIONS, INC.,**

       **Defendant.**

_____

## ORDER

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Compel Executed HIPPA Releases (Doc. 17)** |
| **FILED:** | **June 22, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Before the Court is Defendant's motion to compel Plaintiff to produce executed HIPAA releases to obtain records from healthcare providers he alleges treated him for injuries he alleges Defendant caused. Doc. 17 (the Motion). Earlier in this litigation, Defendant served upon Plaintiff discovery requests for the identification of the healthcare providers that treated Plaintiff and requests for executed HIPPA releases. *Id*. at 2. Plaintiff did not object to those discovery requests, agreed to provide the HIPPA releases, and identified at least three healthcare providers who treated him. *Id*. Since then, Plaintiff has refused to provide the signed releases. *Id*.

As a result of that refusal, Defendant filed the Motion, seeking not only the executed releases but also fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5). According to the Motion, Defendant conferred in good faith with Plaintiff concerning the Motion, and

Plaintiff opposed the relief requested. However, Plaintiff failed to respond to the Motion within the time provided by the Standing Order on Discovery. Doc. 9 ("Any party opposing the Motion shall file a response no later than five days after the Motion is filed . . . "). As such, the Court considers the Motion unopposed. *See id*. ("a failure to file a timely response will result in the Motion being deemed unopposed").[1]

Considering the allegations in the Motion, and noting that those allegations are unopposed, the Motion is due to be granted. Having agreed to provide executed HIPPA releases in response to discovery requests, Plaintiff must now provide those releases.

Further, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). Plaintiff has had ample opportunity to be heard on this matter, but Plaintiff chose not to respond to the Motion within the time provided by the Standing Order or the Local Rules. Further, it appears that Defendant properly conferred before filing the Motion. And there is no indication that Plaintiff's refusal to provide the releases was substantially justified or that there are other circumstances that make an award of expenses unjust. Thus, the Rule requires the Court to award reasonable expenses incurred by Defendant in making the Motion.

---

[1] Even absent the Standing Order, the Local Rules dictate the same result. *See* Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion. . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Accordingly, it is **ORDERED** that the Motion (Doc. 17) is **GRANTED**.  On or before July 18, 2023, Plaintiff must provide Defendant the executed HIPPA releases.

Further, Defendant is awarded reasonable expenses incurred in making the Motion pursuant to Rule 37(a)(5).  The parties are directed to immediately confer on the amount of the award.  If the parties cannot agree on the amount, Defendant may file a motion to quantify on or before July 31, 2023.

**ORDERED** in Orlando, Florida on July 14, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties