# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES DELAUGHTER**

  **Plaintiff,**

**v.**               **Case No: 6:22-cv-2370-JSS-DCI**

**VERIZON COMMUNICATIONS, INC.,**

  **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant Verizon Communications, Inc.'s (Defendant) Amended Motion for Attorneys' Fees and Non-Taxable Costs. Doc. 61 (the Motion). For the reasons provided below, the undersigned recommends that the Motion be **GRANTED in part**.

### I. BACKGROUND

Plaintiff Charles DeLaughter (Plaintiff) filed this action on November 22, 2022 in Florida's Eighteenth Judicial Circuit. Doc. 1-1 at 1. Plaintiff brought three counts under the Florida Civil Rights Act (FCRA) alleging race discrimination, gender discrimination and retaliation. Doc. 1-1 at 7-9. On December 20, 2022, Defendant removed the case to the Middle District of Florida based on diversity jurisdiction. Doc. 1.

On May 1, 2024, Defendant moved for summary judgment. Doc. 32. The Court granted summary judgment on all counts, dismissing Plaintiff's disparate treatment claims (Counts I and II) for Plaintiff's failure to establish a prima facie case of discrimination under either the *McDonnell Douglas* framework, the mosaic framework, or the less stringent mixed motive

standard.  Doc. 53 at 20-42.  The Court also dismissed Plaintiff's retaliation claim (Count III) for

Plaintiff's failure to "cite any caselaw to demonstrate that the facts of his case satisfy" the Eleventh

Circuit's legal standard for retaliation claims.  Doc. 53 at 48 n.7.  The Court entered judgment in

favor of Defendant on December 4, 2024.  Doc. 54.  On December 23, 2024, Defendant filed a

proposed bill of costs.  Doc. 59.  The Clerk taxed a bill of costs against Plaintiff on January 7,

2025.  Doc. 64.

Defendant now seeks: $208,263.00 in prevailing party attorney fees pursuant to Florida

Statutes section 760.11(5); $875.00 in mediation costs[1] as non-taxable costs recoverable pursuant

to 42 U.S.C. § 1988(b); and costs pursuant to Rule 54(d)(1).  Doc. 61 at 5.  Plaintiff timely

responded to the Motion on January 10, 2025.  Doc. 66 (the Response).

## II.    LEGAL STANDARD

### A.    Attorney Fees

Florida Statutes section 760.11(5) provides: "[i]n any action or proceeding under this

subsection, the court, in its discretion, may allow the prevailing party a reasonable attorneys' fee

as part of the costs," and courts should interpret this provision "in a manner consistent with federal

case law involving a Title VII action."  § 760.11(5), Fla. Stat. (the FCRA).  Title VII similarly

provides courts with discretion to award reasonable attorney fees to a prevailing party.  *See* 42

U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [Title VII] . . . the court,

in its discretion, may allow the prevailing party, other than the United States, a reasonable

attorney's fee as part of the costs . . .").  The Supreme Court has clarified that this provision applies

equally to prevailing defendants where "plaintiff's action was frivolous, unreasonable, or without

---

[1] This is variously referred to as mediation "fees," "costs," and "expenses" in the briefing.  The undersigned uses the term "mediation costs" throughout, as the thing we are talking about—the thing charged by the mediator—is a non-taxable cost.

foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Hughes v. Rowe*, 449 U.S. 5, 12 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").

Courts assess frivolity on a "case-by-case basis" and "must focus on [ ] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1190 (11th Cir. 1985); *see also Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021) ("Even if a plaintiff's allegations are ultimately 'legally insufficient to require a trial,' that alone is not enough to render the plaintiff's cause of action 'groundless' or 'without foundation.'") (quoting *Hughes*, 449 U.S. at 14). The Eleventh Circuit has identified four factors "important in determining whether a claim is frivolous [ ]: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits;" *Sullivan*, 773 F.2d at 1189, and (4) "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz*, 13 F.4th at 1302. Courts assessing whether a claim is frivolous "view the evidence in the light most favorable to the non-prevailing plaintiff." *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (citing *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir.2003)).

### B.    Taxable Costs

Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (explaining that Rule 54 establishes a presumption in favor of awarding costs) (citing *Chapman v.*

3

*AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000)).  But a district court may not award taxable costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).

### III.   ANALYSIS

To invoke the fee-shifting provision of FCRA against a plaintiff, a court must find that: 1) a defendant is a prevailing party; and 2) the plaintiff raised a frivolous claim.  *See Id.*  The undersigned finds that this inquiry weighs in Defendant's favor and recommends that the Court find Defendant is entitled to an award of attorney fees.  However, the undersigned recommends that the Court deny Defendant's request to recover costs for two reasons.  First, the Clerk has already taxed a bill of costs against Plaintiff, rendering moot the question of Defendant's entitlement to taxable costs.  Doc. 64.  Second, Defendant has not established that an FCRA prevailing party is entitled to recover non-taxable costs.

### A.   Defendant is the Prevailing Party

The first question in the fee shifting inquiry is whether Defendant is the prevailing party. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) ("Before deciding whether an award of attorney's fees is appropriate in a given case, then, a court must determine whether the party seeking fees has prevailed in the litigation.") (citations omitted).  Defendant asserts that it is the prevailing party "[b]ased on the Court's Order Granting Summary Judgment."  Doc. 61 at 4. Plaintiff apparently concedes this point by arguing that his claims were not frivolous.  Doc. 66 at 4 ("A Prevailing Defendant Is Not Automatically Entitled to Attorneys' Fees and the Court's Summary Judgment Ruling Does Not Establish Frivolity Against the Non-Prevailing Party").  The undersigned agrees that Defendant is the prevailing party in this case.

Congress has included fee-shifting "prevailing party" provisions in various statutes, and the Supreme Court has "interpret[ed] the term in a consistent manner" across several statutes including such provisions. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). Nevertheless, "The prevailing-party inquiry is different with respect to plaintiffs and defendants given that they 'come to court with different objectives.'" *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024) (citing *CRST*, 578 U.S. at 431). Courts often look for "some judicial action rejecting or rebuffing a plaintiff's claim" before "endow[ing] a defendant with prevailing-party status." *Affordable Aerial Photography*, 108 F.4th at 1364; *see also Beach Blitz Co. v. City of Miami Beach, Florida*, 13 F.4th 1289, 1297-98 (11th Cir. 2021) ("a defendant "prevails 'whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.'") (citing *CRST*, 578 U.S. at 420).

Here, the Court granted summary judgment in favor of Defendant on all counts. Doc. 53 at 49.  With respect to Plaintiff's discrimination claims, the Court found that Plaintiff "has failed to adduce evidence demonstrating that any of Defendant's actions were motivated by discrimination." Doc. 53 at 37.  As to the retaliation claim, the Court found that Plaintiff failed to establish a prima facie claim of retaliation "Because it is unlikely that, taking into account all of the alleged incidents individually or collectively, a reasonable employee, standing in Plaintiff's shoes, would have felt dissuaded from filing a complaint of discrimination." *Id.* at 49 (citation omitted).  Considering the Court's determination that Plaintiff's claims fail as a matter of law and the Court's order that the Clerk enter judgment in favor of Defendant, the undersigned finds that Defendant is the prevailing party in this case.

**B.**      **The *Christiansburg* Frivolity Analysis Weighs in Defendant's Favor**

Once a court determines that a defendant is the prevailing party it may proceed to assess a plaintiff's claims for frivolousness under the *Christiansburg* analysis. *Christiansburg*, 434 U.S. at *421 ("In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). In the Motion, Defendant asserts that the *Christiansburg* factors "all weigh in favor of awarding attorney's fees to Defendant." Doc. 61 at 10. Plaintiff responds that the *Christiansburg* factors are "general guidelines and not hard and fast rules," and the Court could still find that a "claim is not frivolous when it is 'meritorious enough to receive careful attention and review.'" Doc. 66 at 8 (citing *Sullivan*, 773 F.2d at 1189; *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)). The undersigned agrees that the *Christiansburg* factors all weigh in Defendant's favor and finds that Plaintiff raised frivolous claims.

**1.      Plaintiff Failed to Establish a Prima Facie Case**

In its Order granting summary judgment, the Court determined that Plaintiff failed to establish a prima facie case for any claim raised in the Complaint. Doc. 53 at 49. Accordingly, the first factor weighs in Defendant's favor.[2]

In its analysis, the Court split Plaintiff's claims into two categories: 1) Plaintiff's disparate treatment claims, encompassing Counts I and II; and 2) Plaintiff's retaliation claim, encompassing

---

[2] Plaintiff spends a considerable portion of its Response arguing that he has established a prima facie case and disagreeing with the Court's findings in the Order granting summary judgment. *See* Doc. 66 at 9-15. The undersigned does not engage with these arguments and notes that a response to a motion for attorney fees is not the forum for challenging the Court's summary judgment decision. Accordingly, the undersigned will not re-assess any matters already decided in the Court's December 3, 2024 Order.

Count III. Doc. 53 at 19, 43. With respect to disparate treatment, the Court assessed the claims under both a single-motive framework and a mixed-motive framework and found that Plaintiff failed to establish a prima facie case under either. *Id.* at 20. The Court found that Plaintiff failed: 1) to provide evidence of an adverse employment action (*Id.* at 22-28); 2) "to identify a proper comparator" (*Id.* at 28-31); 3) to show "that Defendant's nondiscriminatory reasons for realigning the tasks assigned to the various members of the EPS team, including Plaintiff, were mere pretext for discrimination" (*Id.* at 31-39); and 4) to meet the mixed-motive standard when the "record does not support that these decisions were based on race or gender . . . especially given Plaintiff's failure to produce evidence demonstrating discriminatory intent" (*Id.* at 39-42). Based on these findings, the Court found Defendant "entitled to summary judgment on Plaintiff's disparate treatment claims." *Id.* at 42. With respect to the retaliation claims, the Court noted that "Plaintiff's job was never threatened" (*Id.* at 47), and "that Plaintiff was not dissuaded from making complaints, which undermines his position that Defendant's actions would have dissuaded a reasonable employee from complaining." *Id.* at 48. Accordingly, the Court concluded that, "Because it is unlikely that, taking into account all of the alleged incidents individually or collectively, a reasonable employee, standing in Plaintiff's shoes, would have felt dissuaded from filing a complaint of discrimination, Plaintiff's retaliation claim fails as a matter of law." Doc. 53 at 48 (cleaned up).

Given the Court's finding that Plaintiff failed to establish a prima facie case for any of the claims raised in the Complaint, the undersigned finds that the first *Christiansburg* factor weighs in Defendant's favor.

### 2.    Defendant Offered to Settle

The second *Christiansburg* factor—whether Defendant made an offer to settle the case—also weighs in Defendant's favor. Courts consider nominal settlement offers as weighing in favor

of a frivolity finding. *See Hamilton v. Sheridan Healthcorp, Inc.*, 700 Fed. Appx. 883, 886 (11th Cir. 2017) ("The other two factors similarly weigh in favor of awarding fees. When compared with [plaintiff's] demand and the cost of litigation, the defendants made only a nominal settlement offer."). Here, Defendant claims that it "engaged in court-ordered mediation in good faith while maintaining that Plaintiff's claims were entirely meritless," as evidenced by Defendant's submission of a "nominal offer to settle this matter which paled in comparison to Plaintiff's demand." Doc. 61 at 15-16. Plaintiff apparently concedes this point by not addressing it in the Response. *See generally* Doc. 66. Accordingly, the undersigned accepts Defendant's claim that it made only a nominal settlement offer at a court-ordered meditation and finds that this factor weighs in Defendant's favor.

### 3.      The Court Dismissed Plaintiff's Claims Prior to Trial

As to the third factor—whether the Court dismissed Plaintiff's claims prior to trial—there is no dispute. The Court granted summary judgment as to all claims in its December 3, 2024 Order. Doc. 53. The Clerk subsequently entered judgment in favor of Defendant. Doc. 54. Accordingly, the third factor also weighs in Defendant's favor.

### 4.      Plaintiff's Claims did not Warrant Close Attention

The fourth factor—whether Plaintiff's claim warranted the court's close attention—also weighs in Defendant's favor. Defendant argues that Plaintiff's claims did not warrant the Court's close attention because "Plaintiff's claims were resolved by relying on long-established, binding precedent which foreclosed his claims – and thus did not merit 'careful attention.'" Doc. 61 at 19. In its Response, Plaintiff identified the fourth factor but failed to undertake an analysis explaining

how Plaintiff's claims warranted the Court's close attention.[3]  Doc. 66 at 8 (Explaining that, even when the other three factors weigh in favor of awarding fees, a "claim is not frivolous when it is 'meritorious enough to receive careful attention and review'").  The undersigned agrees with Defendant that, although the Court provide ample reasoning in its Order granting summary judgment, Plaintiff's claims did not merit the Court's careful attention.

As a general matter, "when the district court is not required to grapple with a novel area of law, and where the claims are resolved based on long-established precedent, [the Eleventh Circuit] has found that the plaintiff's claim did not warrant the court's close attention."  *Sapp v. Marcum*, 2023 WL 11803204, at *2 (M.D. Fla. Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 11803206 (M.D. Fla. Nov. 7, 2023) (citing *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)).  The Court relied entirely on ample Eleventh Circuit precedent in granting summary judgment as to all of Plaintiff's claims, thereby supporting the conclusion that the Court did not have to "grapple with a new area of law," *Sapp*, 2023 WL 11803204, at *2.  Accordingly, the undersigned finds that Plaintiff's claims did not warrant the Court's close attention.

Considering the Court's ability to dismiss Plaintiff's claims with a straightforward analysis of long-established Eleventh Circuit precedent, and that the *Christiansburg* factors all weigh in Defendant's favor, the undersigned finds that Plaintiff's claims were frivolous and recommends that the Court find Defendant is entitled to an award of reasonable attorney fees.

**C.      Defendant's Entitlement to Taxable Costs Pursuant to Rule 54(d)(1) is Moot**

In the Motion, Defendant also seeks to recover taxable costs under Rule 54(d)(1).  Doc. 61 at 20-21; Doc. 59.  Plaintiff responds that "Defendant is not entitled to said costs on the basis that

---

[3] In the Court's December 3, 2024 Order, the Court mentions that "Plaintiff cites caselaw to establish the relevant standard but fails to cite any caselaw to demonstrate that the facts of his case satisfy that standard."  Plaintiff has repeated this error with the fourth factor.

the instant action brought forth by the Plaintiff was not frivolous." Doc. 66 at 16. The undersigned has explained *supra* that Defendant is the prevailing party. Accordingly, Defendant is entitled to recover taxable costs under Rule 54(d)(1). *Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1331 (M.D. Fla. 2010) (noting that "a prevailing Title VII party is entitled to an award of costs"). This is irrespective of frivolity. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (in a § 1988 case, assessing frivolity for the purpose of determining entitlement to attorney fees but not in regards to entitlement to costs under Rule 54(d)); *see also Sunderland v. Bethesda Hosp., Inc.*, 2016 WL 7469952, at *3 (S.D. Fla. Sept. 20, 2016), *report and recommendation adopted*, 2016 WL 7443342 (S.D. Fla. Oct. 13, 2016) ("An examination of Title VII cases, where the *Christiansburg* test originated, reveals that numerous circuit courts have declined to extend that test to Rule 54(d) costs, emphasizing the policy considerations present with regard to attorney's fees which are not present for taxable costs").

Rule 54(d)(1) authorizes the recovery of taxable costs for a "prevailing party," and the plain language of the rule "suggests that the only procedure for taxation of costs contemplated by the Federal Rules of Civil Procedure — absent a contrary, applicable statute or contract — is for a clerk of court, not a court itself, to tax costs." *Dowler v. GEICO Gen. Ins. Co.*, 2022 WL 1224103, at *2 (M.D. Fla. Feb. 2, 2022) (internal quotations and citations omitted); *see also Beasley v. Wells Fargo Bank, NA*, 2022 WL 3098946, at *6 (M.D. Fla. May 11, 2022), *report and recommendation adopted in part*, 2022 WL 3098958 (M.D. Fla. June 10, 2022) ("While this District has a bifurcated process for awarding attorneys' fees and non-taxable costs, it does not have the same process for taxable costs."); *see* Local Rule 7.01. Rule 54 further provides that the "clerk may tax costs on 14 days' notice [and] [o]n motion served within the next 7 days, the court may review the clerk's action." *Id.; see also Winnie v. Infectious Diseases Assocs., P.A.*, 2018

10

WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) ("Fed. R. Civ. P. 54(d)(1) makes plain the Clerk taxes initially."). "After costs have been fixed by the clerk, a motion may be made for judicial review of the clerk's action." *Fenyvesi v. Suncoast Motel and Apartments, Inc.*, 2023 WL 4208714, at *1 (M.D. Fla. June 9, 2023) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2679 (4th ed. 2023)).

Here, on December 23, 2024, Defendant filed a proposed bill of costs (Doc. 59), and, on January 7, 2025, the clerk taxed costs in the amount of $4,506.53 against Plaintiff (Doc. 64). Plaintiff did not file a motion to review the Clerk's action within the time provided by Rule 54 and sought no extension to file such a motion. Thus, there is no basis for Defendant to have now filed a motion for taxable costs, as the issue is moot. *See TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 2020 WL 10486248, at *1 (M.D. Fla. July 29, 2020) ("A 'motion to tax costs' runs counter to Rule 54(d)(1), insofar as a 'motion' is '[a] request for a court order.''").

### D.     Defendant Has Not Established Entitlement to Non-Taxable Costs

Defendant also seeks entitlement to mediation costs as non-taxable costs pursuant to § 1988. Doc. 61 at 20-21 ("Courts in this district have found awarding mediation fees to a prevailing Title VII party proper pursuant to 28 U.S.C. § 1988." (citing *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014)). However, Defendant provides no legal basis to support an award of non-taxable costs to a prevailing party under the FCRA. *See* Doc. 61 at 20-22. And there is some federal authority suggesting that a prevailing party under the FCRA is not entitled to recover non-taxable costs. *See, e.g., King v. Akima Glob. Services, LLC*, 2022 WL 2068035, at *12 (S.D. Fla. May 24, 2022), *report and recommendation adopted*, 2022 WL 2065819 (S.D. Fla. June 8, 2022) ("[T]he FCRA does not provide independent grounds to recover non-taxable costs. Instead, it enables a party to seek attorney's fees (guided by the limits of Title VII) in addition to costs

otherwise allowed under the law. [The defendant] has offered no other statutory authority entitling it to non-taxable costs.").

Accordingly, the undersigned recommends that the Court deny Defendant's request to recover mediation costs as it failed to satisfy its burden to establish legal entitlement to such non-taxable costs.

## IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the Court:

1.    **GRANT in part** the Motion (Doc. 61) to the extent that the Court find that Defendant is entitled to attorney fees;

2**.**    **DENY** the Motion (Doc. 61) to the extent that Defendant seeks to recover non-taxable costs, including mediation costs; and

3.    **DENY as moot** the Motion (Doc. 61) to the extent that Defendant seeks taxable costs.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on May 27, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

12