UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES DELAUGHTER,

    Plaintiff,

v.                                                   Case No: 6:22-cv-2370-JSS-DCI

VERIZON COMMUNICATIONS, INC.,

    Defendant.
_____/

## ORDER

Defendant moves for attorney fees and non-taxable costs incurred in litigating this matter. (Dkt. 61.) Plaintiff opposes the motion. (Dkt. 66.) Having considered the Magistrate Judge's Report and Recommendation (Dkt. 67) and the objections thereto (Dkt. 69), the court denies Defendant's motion.

## BACKGROUND

On November 22, 2022, Plaintiff initiated this action against Defendant in state court, raising claims of race and gender discrimination and retaliation in violation of the Florida Civil Rights Act (FCRA). (*See* Dkt. 1.) Defendant then removed the case to this court on the basis of diversity jurisdiction. (*See id.* at 1–10.) After discovery closed, Defendant moved for summary judgment, (Dkts. 32, 42), which Plaintiff opposed, (Dkt. 41). On December 3, 2024, upon consideration of the motion and Plaintiff's response, the court determined that Plaintiff had not presented evidence that

would permit a reasonable jury to infer unlawful discrimination or retaliation and accordingly granted Defendant's motion. (*See* Dkt. 53.) Plaintiff did not appeal that order, and the time to do so has passed. (*See* Dkt. 69 at ("Plaintiff chose not to appeal the . . . [c]ourt's grant of summary judgment . . . .").) *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within [thirty] days after entry of the judgment or order appealed from."). Defendant now moves for attorney fees, arguing that it prevailed in the underlying lawsuit and that Plaintiff's claims were frivolous. (Dkt. 61 at 5–20.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific

objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## ANALYSIS

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney[] fees." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 415 (1978). The FCRA permits courts to award reasonable attorney fees to the prevailing party. Fla. Stat. § 760.11(5). The attorney-fees provision is "construed in conformity with federal case[]law relating to Title VII." *Winn-Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 731 (Fla. Dist. Ct. App. 2007). A prevailing defendant may thus recover a reasonable attorney fee incurred in defending a civil rights action "upon a finding that the . . . action was frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421.

Plaintiff does not dispute—and the magistrate judge correctly reported—that Defendant is the prevailing party. (*See* Dkts. 66, 69; Dkt. 67 at 4–5.) *See CRST Van Expedited, Inc. v. Equal Emp. Opportunity Comm'n*, 578 U.S. 419, 422 (2016) ("Before deciding whether an award of attorney[] fees is appropriate in a given case, . . . a court must determine whether the party seeking fees has prevailed in the litigation."). The remaining question is whether Plaintiff's claims were frivolous, which courts assess on a "case-by-case basis," focusing on "whether the case is so lacking in arguable merit

as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quotation omitted); *see Beach Blitz Co. v. City of Mia. Beach*, 13 F.4th 1289, 1302 (11th Cir. 2021) ("Even if a plaintiff's allegations are ultimately 'legally insufficient to require a trial,' that alone is not enough to render the plaintiff's cause of action 'groundless' or 'without foundation.'" (quoting *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980))). In assessing frivolity, courts look to (1) "whether the plaintiff established a prima facie case," (2) "whether the defendant offered to settle," (3) "whether the trial court dismissed the case prior to trial," *Sullivan*, 773 F.2d at 1189, and (4) "whether there was enough support for the claim to warrant close attention by the court," *Beach Blitz*, 13 F.4th at 1302. The court must "view the evidence in the light most favorable to the non-prevailing party." *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (quotation omitted). The Supreme Court has strongly cautioned against hindsight bias in conducting this analysis, *Christiansburg*, 434 U.S. at 421–22 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."), especially in the context of employment discrimination cases brought under Title VII and its state-law counterparts, *see id.* at 422 ("To . . . assess[] attorney[] fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous

enforcement of the provisions of Title VII.").

As the court determined when it granted Defendant summary judgment as to all of Plaintiff's claims, and as the magistrate judge correctly explained, Plaintiff failed to establish prima facie cases of race discrimination and retaliation. (*See* Dkt. 53 at 19–49; Dkt. 67 at 6–8.) For this reason, there is also no dispute that the case was resolved prior to trial. *See Sullivan*, 773 F.2d at 1189 ("Cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a [Rule] 41(b) motion for involuntary dismissal."). The court reviews the two remaining factors—whether Defendant tendered a settlement offer and whether Plaintiff's claims warranted close attention—in turn.

### A. Settlement Offer

An offer to settle a claim generally militates against an award of attorney fees because a settlement offer tends to suggest a claim's merit. *See Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1354 (11th Cir. 1998) ("[U]nder the standards enunciated in *Sullivan*, [the defendant's] settlement offer should have been a factor weighing in [the plaintiff]'s favor."). Defendant concedes that it offered to settle the claims during court-ordered mediation, but it argues that this factor actually supports its motion because its settlement offer was nominal. (Dkt. 61 at 16.) Although an unpublished Eleventh Circuit case suggests that a nominal settlement offer should counsel "in favor of a frivolity finding," *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 886 (11th Cir. 2017), the *Sayers* court appears to have reached the opposite conclusion, determining that the defendant's $140,000 settlement offer "should have been a factor

- 5 -

weighing in [the plaintiff]'s favor" even though the plaintiff sought a $34 million judgment, 140 F.3d at 1354; *accord Sapp v. Marcum*, No. 6:21-cv-1515-PGB-DCI, 2023 WL 11803204, at *2 (M.D. Fla. Sept. 26, 2023) ("[T]he fact the [d]efendant offered to settle, even if nominal, is a factor weighing in favor of the [p]laintiff's claim." (quotation omitted)), *report and recommendation adopted by* 2023 WL 11803206, at *1 (M.D. Fla. Nov. 7, 2023). The court is bound to follow a published opinion over an unpublished one. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022) ("[W]e pause to reiterate an elemental point: While our unpublished opinions 'may be cited as persuasive authority,' they 'are not considered binding precedent.'" (quoting 11th Cir. R. 36-2)).

Moreover, Defendant offers no factual support for its argument that its settlement offer was truly nominal. (*See* Dkt. 61.) Thus, even if it were true that a nominal settlement offer weighed in favor of an attorney fee award, the court has no basis upon which it can determine that Defendant's offer really was nominal. *See Turner v. Inzer*, No. 4:11-cv-567-RS-WCS, 2013 WL 4648319, at *2 (N.D. Fla. Aug. 29, 2013) ("Whether a settlement offer is deemed nominal or otherwise depends on the relationship between three factors: (1) what the plaintiff demanded[,] (2) what the defendant offered as a settlement[,] and (3) what the defendant expected to save in legal expenses by settling rather than continuing to litigate."). While Defendant argues that it "is not permitted to disclose Plaintiff's demand or Defendant's offer during mediation without the [c]ourt's approval," (Dkt. 61 at 16), Defendant did not seek the

court's approval to disclose these amounts. For these reasons, this factor weighs against an award of attorney fees.

### B. Close Attention

The final factor, whether Plaintiff's claims warranted the court's close attention, "is a particularly important one." *Beach Blitz*, 13 F.4th at 1302. "Indeed, when the plaintiff's claim warranted close attention, [the Eleventh Circuit] ha[s] held that a district court abused its discretion in awarding fees, even when the other [factors] pointed toward finding the claim frivolous." *Id.* While the court determined that Plaintiff had not adduced sufficient evidence to survive summary judgment, that determination still required the court's close attention such that this factor, too, weighs against an award of attorney fees. *See id.* at 1305 (concluding that a claim, "while properly rejected by the district court, was not frivolous").

With regard to Plaintiff's disparate treatment claims under the FCRA, the court was required to apply the Supreme Court's decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), related to Title VII. While Plaintiff brought claims under the FCRA rather than Title VII, the court applied caselaw analyzing Title VII claims because the two statutes are analyzed in the same manner. *See Lewis v. Tenga, Inc.*, No. 8:24-cv-00402-WFJ-SPF, 2024 WL 1604073, at *2 (M.D. Fla. Apr. 12, 2024) ("Because the FCRA is modeled after Title VII, causes of action arising under the two statutes are analyzed the same." (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010)). The Court in *Muldrow* held that a plaintiff alleging disparate treatment under Title VII must only "show some harm . . . to prevail in a Title VII suit" and

"need not show that the injury satisfies a significance test." *Id.* at 350.  In doing so, the Court unequivocally "lower[ed] the bar Title VII plaintiffs must meet," "chang[ing] the legal standard used in any circuit that," like the Eleventh Circuit, "ha[d] previously required 'significant,' 'material,' or 'serious' injury." *Id.* at 356 n.2; *see Webb-Edwards v. Orange Cnty. Sheriff's Off.*, 525 F.3d 1013, 1032–33 (11th Cir. 2008) (requiring a "serious and material change" to sustain a Title VII claim).

Because of the recently changed standard, the court was required to conduct a sustained analysis of the adverse employment action issue to determine whether Plaintiff's alleged adverse employment actions—his being removed from the Confluence Project, a work assignment he particularly enjoyed, and given assignments he considered less prestigious, (*see* Dkt. 53 at 24)—satisfied *Muldrow*'s lowered standard.  (*See id.* at 22–28.)  While the court ultimately determined that Plaintiff did not satisfy the new standard, the court does not find that his argument was frivolous. *Cf. Beach Blitz*, 13 F.4th at 1303 (affirming the district court's award of attorney fees in part because "[t]he district court was not required to grapple with a novel area of law").

Defendant asserts that *Muldrow* is irrelevant to the court's frivolity analysis because it was decided after Plaintiff initiated his claim. (*See* Dkt. 61 at 8 & n.2; Dkt. 70 at 6–8.)  This argument, however, is premised on a misapprehension of the relationship between Title VII and the Supreme Court's Title VII caselaw.  The text of Title VII is the law; the Supreme Court's decisions regarding Title VII—though they may interpret or clarify the law—do not create the law. *Cf. Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289 (W.D. Ark. 1987) ("[T]he defendant misconceives the theory

behind removal jurisdiction. The right to remove does not emanate from the recent Supreme Court opinions. This court believes that while the Supreme Court opinions certainly clarify the law in this area, they do not 'create' new law."). Indeed, *Muldrow* expressly sought to return the Courts of Appeals' Title VII jurisprudence to the text of Title VII. *See Muldrow*, 601 U.S. at 353 ("We granted certiorari to resolve a Circuit split over whether an employee challenging a transfer under Title VII must meet a heightened threshold of harm—be it dubbed significant, serious, or something similar. We now vacate the judgment below because the text of Title VII imposes no such requirement." (citation and footnote omitted)).

*Muldrow* did not, however, alter the adverse employment action standard relevant to Plaintiff's retaliation claim—indeed, it explained why a heightened standard is proper in such claims. *See id.* at 357 ("If an action causes less serious harm, . . . it will not deter Title VII enforcement; and if it will not deter Title VII enforcement, it falls outside the purposes of the ban on retaliation."). As this court noted in the summary judgment order, claims premised on the sorts of adverse actions Plaintiff alleged here are not favored in this Circuit. (Dkt. 53 at 27 (quoting *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1203 (11th Cir. 2013) ("Because [the plaintiff]'s demotion claim is grounded on a loss of supervisory responsibility, it is one our circuit does not favor.")).) However, the fact that a broad type of allegation will not generally suffice to merit relief does not render all claims asserting such allegations frivolous. *See Edwards v. Ambient Healthcare of Ga., Inc.*, 674 F. App'x 926, 930 (11th Cir. 2017) ("While an alteration in work assignments may, in unusual circumstances, constitute

a serious and material change, that is not the case here." (quotation omitted)); *see also Christiansburg*, 434 U.S. at 422 ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."). The court also paid close attention to what *Muldrow* discussed concerning retaliation claims given how related disparate treatment and retaliation claims can be.

Further, Plaintiff did produce arguable evidence that the decision to remove him from the Confluence Project was the result of unlawful discrimination. He asserted that Tiphanie Katsov, a white female, was put in charge of the Confluence Project. (Dkt. 41 at 4.) The court determined that Plaintiff had failed to demonstrate that Katsov was a proper comparator under *McDonnell Douglas*. (Dkt. 53 at 29–30.) However, as Plaintiff argued, his disparate treatment claims could still have survived if he had demonstrated a convincing mosaic of discrimination. *See Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 (11th Cir. 2023). Though the court determined that Defendant's treatment of Katsov, standing alone, was insufficient evidence to support Plaintiff's claims, her assignment to the Confluence Project could have constituted some colorable evidence of race discrimination. *See Robert v. City of Boca Raton*, No. 21-13779, 2024 WL 3066604, at *5 (11th Cir. June 20, 2024) ("A convincing mosaic may include evidence that similarly situated employees were treated differently, even where those employees were not strict comparators at the prima facie stage of a *McDonnell Douglas* analysis.").

- 10 -

Similarly, with regard to his retaliation claim, Plaintiff put forth evidence that the decision to turn over the Confluence Project permanently to Katsov occurred after he engaged in protected activity—some potential evidence of retaliation, though ultimately insufficient. (*See* Dkt. 53 at 7–10, 36–37.) Moreover, while the court must assess the frivolity of Plaintiff's discrimination and retaliation claims separately, *see Beach Blitz*, 13 F.4th at 1302–06 (determining that some, but not all, of the plaintiff's claims were frivolous), these claims depend upon closely related conduct such that the court's analysis of Plaintiff's disparate treatment claims also informed its analysis of Plaintiff's retaliation claim.

Plaintiff's failure to survive summary judgment does not retroactively render his claims frivolous. *See Cordoba*, 419 F.3d at 1180–81 (reversing award of attorney fees where, although the plaintiff's "case was exceedingly weak . . . , it was not so weak as to make it frivolous"). Here, Defendant made an offer to settle the case, and Plaintiff's claims, though weak, nevertheless merited the court's close attention, as demonstrated by its fifty-page summary judgment order. (*See* Dkt. 53.) For these reasons, the court does not find that Plaintiff's claims were "so lacking in arguable merit as to be groundless or without foundation." *Sullivan*, 773 F.2d at 1189 (quotation omitted). They were simply unsuccessful.

Defendant also sought to recover additional expenses, including an $875 mediation fee as a non-taxable cost. (Dkt. 61 at 5, 20–22.) The magistrate judge correctly concluded that, to the extent Defendant sought taxable costs, that request was moot as the Clerk had already taxed costs against Plaintiff, (Dkt. 64), in response

to Defendant's proposed bill of costs, (Dkt. 59). (Dkt. 67 at 11.) The court likewise agrees with the magistrate judge's determination that, to the extent Defendant sought non-taxable costs, it failed to establish entitlement to such costs. (*Id.* at 12.) Defendant did not object to those findings, (*see* Dkt. 68), and the court fully adopts the magistrate judge's recommendations as to those costs.

## CONCLUSION

Accordingly:

1. The Magistrate Judge's Report and Recommendation (Dkt. 67) is **ADOPTED in part**.

2. Defendant's Amended Motion for Attorneys' Fees and Non-Taxable Costs (Dkt. 61) is **DENIED**.

3. This case remains closed.

**ORDERED** in Orlando, Florida, on July 10, 2025.

                                                         _____
                                                         JULIE S. SNEED
                                                         UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record